IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JET LINX AVIATION, LLC;<br><br>               Plaintiff,<br><br>     vs.<br><br>699 DB, LLC,<br><br>               Defendant. | 8:24CV147<br><br>ORDER |

       This matter comes before the Court *sua sponte* after review of the pleadings. The court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

       On April 24, 2024, Jet Linx Aviation, LLC filed this suit against Defendant 699 DB, LLC invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Filing No. 1). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). According to its complaint, Jet Linx Aviation, LLC alleges it "is a Delaware Corporation with its principal place of business in Omaha, Nebraska" and that Defendant 699 DB, LLC "is a Virginia Corporation with its principal place of business in Vienna, Virginia.

       But, for purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); see also *Haas as Tr.*

*of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). "For any members of LLCs that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015).

After review, the Court finds Plaintiff's allegations of the parties' citizenship are insufficient. Both the Plaintiff and Defendant are LLCs; however, Plaintiff's Complaint does not set forth the name or type of Plaintiff's member(s) and the citizenship of each member, nor the name and type of the Defendant's member(s) and the citizenship of each member. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Accordingly, the Court will grant Plaintiff leave to file an amended complaint that properly alleges the citizenship of the LLC parties to assure this Court it has subject-matter jurisdiction.

**IT IS ORDERED:** Plaintiff shall filed an amended complaint to properly allege the citizenship of the parties on or before **May 31, 2024**.

Dated this 14th day of May, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge